Richard L. Kellner, SBN 171416
Joshua H. Haffner, SBN 188652
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, California 90017
Tel: (213) 217-5000
Fax: (213) 217-5010
rlk@kbklawyers.com
jhh@kbklawyers.com

Jeffrey Berns, SBN 131351
ARBOGAST & BERNS LLP
19510 Ventura Blvd., Suite 200
Tarzana, California 91356
Tel: (818) 961-2000
Fax: (818) 861-1775
jberns@Law111.com

Paul R. Kiesel, SBN 119854
KIESEL BOUCHER LAWRSON LLP
8648 Wilshire Blvd.
Beverly Hills, California 90211
Tel: (310) 854-4444
Fax: (310) 854-0812
kiesel@kbla.com

Attorneys for Plaintiff Catherine Anne Campbell,
On Behalf of Herself and All Others Similarly Situated

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| CATHERINE ANNE CAMPBELL, On Behalf of Herself and All Others Similarly Situated,<br><br>     Plaintiff,<br><br>v.<br><br>SOMA FINANCIAL, INC., a Nevada Corporation; and DOES 1 through 10 inclusive,<br><br>     Defendants. | **CASE NO. 1:08-CV-00170-OWW-GSA**<br><br>**Hon. Gary S. Austin**<br><br>**(1) NOTICE OF MOTION AND MOTION FOR LEAVE TO TAKE CLASS DISCOVERY; AND**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**<br><br>Judge: Hon. Gary S. Austin<br>Date: December 12, 2008<br>Time: 9:30 a.m.<br>Location: Courtroom 10 |

# NOTICE OF MOTION AND MOTION

## TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at 9:30 a.m., on Friday, December 12, 2008, or as soon thereafter as the matter may be heard in Courtroom 10, of the United States District Court for the Eastern District of California, Fresno Division, located at 2500 Tulare Street, Fresno, California 93721, Plaintiff Catherine Anne Campbell ("Plaintiff") will, and hereby does, move the Court pursuant to Federal Rules of Civil Procedure, Rule 26 et seq., for an order permitting Plaintiff to take discovery of current or former officers, executives and employees of Defendant Soma Financial, Inc. ("Defendant"), or other persons or entities, who may have information concerning the ARM loans sold by defendant during the putative class period and/or class certification issues.

This motion is made on the ground that discovery concerning the ARM loans defendant sold and class certification issues necessary in order to determine: (1) the number of Option ARM loans defendant sold to borrowers during the liability period; (2) the identity and location of such subsequent purchasers and/or assignees of the Option ARM loans defendant sold during the liability period; (3) the location of loan documents and other relevant information concerning defendant's loan practices during the liability period; and (4) other issues relating to a motion for class certification.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and all pleadings and papers filed in this action, and such other materials as may be presented to the Court before, at, or in connection with the hearing.

DATED: November 7, 2008              KABATECK BROWN KELLNER LLP

By: Joshua H. Haffner /s/
Joshua H. Haffner
Counsel for Plaintiffs and the class

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND OVERVIEW OF PLAINTIFF'S CLASS CLAIMS

This consumer fraud class action has been brought against defendant Soma Financial, Inc., for its deceptive and unfair practices in connection with the sale and servicing of Defendant's ARM loans. In particular, plaintiff's class claims seek to redress defendant's failure to disclose important material facts concerning the ARM loans they sold to plaintiff and the putative class members.

Plaintiff and the putative class members are consumers who were sold primary residence ARM loans by defendant. FAC, ¶¶ 2, 15, 22. In selling these loans, defendant's loan documents promised a low, fixed interest rate, and plaintiff and the class members relied upon that promise. FAC, ¶ 22. In reality, the interest rate increased almost immediately after signing.

Defendant's loan documents also promised that plaintiff's monthly payments would be applied to "Principal and Interest." FAC, ¶¶ 22, 125, 134. Defendants breached that agreement and never applied plaintiffs' payments to principal. FAC, ¶¶ 25, 33, 40. Defendants further informed plaintiff that if she made payments based on the payment schedule tied to the promised low interest rate, no negative amortization would occur. FAC, ¶¶ 22, 26, 32, 34. This, however, was not true, because plaintiff experienced negative amortization. FAC, ¶ 23. Finally, plaintiff could not escape from the loans, because of harsh exit penalties. FAC, ¶¶ 18, 27.

Plaintiff has brought this civil action seeking compensatory, consequential, statutory, and punitive damages.

## II. PROCEDURAL HISTORY

Plaintiff's Class Action Complaint was filed on January 29, 2008. Thereafter, on May 12, 2008, plaintiff filed her First Amended Class Action Complaint

("FAC"). On July 28, 2008, defendant Soma Financial, Inc., was served with the Summons and First Amended Complaint via the Nevada Secretary of State.

Defendant has not answered Plaintiff's First Amended Complaint. On October 24, 2008, this Court entered default against defendant Soma Financial, Inc.

### III. THIS COURT SHOULD GRANT PLAINTIFF LEAVE TO TAKE DISCOVERY

Here, since defendant Soma Financial, Inc. has not answered or appeared in this action, plaintiff has been prevented from conducting discovery related to plaintiff's individual and class claims.

Plaintiff is informed and believes that defendant Soma Financial, Inc. sold or assigned plaintiff's and the putative class members' loans to other entities or persons who have liability under plaintiff's individual and class claims. In particular, pursuant to 15 U.S.C. § 1641 "[a]ny person who purchases or is otherwise assigned a mortgage . . . shall be subject to all claims and defenses with respect to that mortgage that the consumer could assert against the creditor of the mortgage." Therefore, discovery related to the identity of each such subsequent purchaser or assignee of the ARM loans defendant sold during the putative class period is relevant and necessary in order for plaintiff to join these other parties to this action.

Plaintiff is also informed and believes that defendant Soma Financial, Inc.'s current or former corporate officers, executives and employees have, or are likely to have, information concerning: (1) the number of Option ARM loans defendant sold to borrowers during the liability period; (2) the identity and location of such subsequent purchasers and/or assignees of the Option ARM loans defendant sold during the liability period; (3) the location of loan documents and other relevant information concerning defendant's loan practices during the liability period; (4) and certification issues. Indeed, motion for class certification is necessary before default judgment can be entered on behalf of the class.

"There is the general principle that factual allegations in the complaint are deemed admitted by the defendant upon default; however, application of that general principle does not solve class-certification issues. Rule 23(c) imposes an independent duty on the district court to determine by order that the requirements of Rule 23(a) are met ...." *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003).

Accordingly, plaintiff respectfully requests that the Court grant plaintiff's request for leave to take discovery, including from defendant Soma Financial, Inc.'s current or former corporate officers, executives and employees.

## IV. CONCLUSION

For the reasons set forth herein, plaintiff respectfully requests that the court grant this motion and permit plaintiff leave to conduct discovery.

DATED: November 7, 2008          KABATECK BROWN KELLNER LLP


                                 By   Joshua H. Haffner /s/
                                 Joshua H. Haffner
                                 Counsel for plaintiff and the class